UNITED STATES v. KIMBALL (three cases). (Circuit Court, S. D. New York. June 16, 1902.)

THOMAS, J. The demurrer to the indictment in each of the above actions is overruled.

---

WITMARK v. PERLEY. (Circuit Court, S. D. New York. July 18, 1902.) Benno Loewy, for complainant. Franklin Bien, for defendant.

LACOMBE, Circuit Judge. If defendant will make good the offer he made on the argument within one week from the filing of this memorandum, the motion for preliminary injunction will be denied. In case of failure so to do, the court will then file a further memorandum indicating the extent of preliminary relief that will be accorded. The offer, as the court understood it, was that defendant would secure and file the written consents (duly acknowledged) of the composers of words and music of the interpolated piece that in the event of the termination of the contract between the parties, either by its own limitation or otherwise, the said piece might at plaintiff's option remain a part of said musical dramatic composition, and be produced, printed, published, sold, or otherwise disposed of by plaintiff without any attempted interference by the defendant, or by either of said composers.

(August 1, 1902.)

Defendant not having availed of the privilege accorded by former decision, and filed the consents required, the motion for preliminary injunction is granted. Order may be settled August 6th at 12 m.

---

WOLFF et al. v. UNITED STATES. (Circuit Court, S. D. New York. May 31, 1902.) No. 2,865. Comstock & Brown, for importers. Charles D. Baker, Asst. U. S. Atty.

LACOMBE, C. J. (orally). The opinion of the board of general appraisers is very comprehensive, and deals with a large number of different articles, which the board finds should be assessed for duty, under paragraph 339 of the tariff act of 1897, as braids or trimmings. The evidence upon which findings of fact covering nearly all these articles are made is not before this court. The only article as to which exception is taken is represented by Exhibit 1, and the testimony taken in the circuit court shows plainly that it is commercially known as "tape," and not as "braid" or "trimming." It would, therefore, seem to be more correctly classified under paragraph 320 of the same act.